United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEONARD OFFRIL,

    Plaintiff,

    v.

J.C. PENNY COMPANY, INC., G.E. MONEY BANK, NATIONWIDE CREDIT, INC.,

    Defendants.

_____/

No. C 08-5050 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is defendant Nationwide Credit Inc.'s ("Nationwide") motion to dismiss on the grounds that plaintiff Leonard Offril's ("plaintiff") complaint (1) fails to state a claim under the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and (2) fails to state a claim under the state equivalent, California's Rosenthal Fair Debt Collection Practice Act ("CFDCPA"), Cal. Civ. Code § 1788 *et seq.* Plaintiff did not oppose the motion, nor did he file a statement of non-opposition as required by Civil Local Rule 7-3. The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the hearing scheduled for January 14, 2009. Having read Nationwide's papers and carefully considered its arguments and the relevant legal authority, the court hereby GRANTS Nationwide's motion to dismiss, for the reasons stated below.

**BACKGROUND**

Defendant J.C. Penny Company, Inc. ("JC Penny") is a corporation that co-ventures in partnership with defendant G.E. Money Bank ("GE Money") to issue credit cards under the name J.C. Penny Privilege Platinum Credit Card. Compl. ¶¶ 5-6. Defendant Nationwide is a debt collector. Id. ¶ 8. Plaintiff is a resident of San Francisco and a cardholder of a J.C. Penny Privilege Platinum Credit Card ("credit card"). Id. ¶¶ 4, 11. On

a date or dates unknown to plaintiff, plaintiff incurred a financial obligation on this credit card through his purchase of items from JC Penny Stores ("debt").  Id. ¶ 13.  Plaintiff subsequently defaulted on this financial obligation by failing to make the required payments on his credit card account.  Id.  ¶ 14.  Sometime thereafter, due to his concern about making payments on his credit card account, his receipt of calls from collection callers and his desire to relieve himself of his credit card debt, plaintiff retained counsel, Irving L. Berg ("Berg").  Id. ¶¶ 15-18.

In a letter dated August 12, 2008, Berg notified JC Penny that he represented plaintiff and that any further communications regarding plaintiff's debt should be directed to his office.  Compl. ¶¶ 19-20.  JC Penny subsequently transferred the collection of plaintiff's debt to Nationwide.  Id. ¶ 22.  Thereafter, notwithstanding Berg's letter of representation, Nationwide contacted plaintiff directly with a collection letter, seeking immediate payment of plaintiff's debt.  Id. ¶ 23; Exh. B, attached to Compl.  This letter informed plaintiff that his balance on his credit card was past due and now due in full.  Exh. B, attached to Compl. The letter advised plaintiff that if he wanted to settle the matter he needed to pay the total account balance directly to Nationwide.  Id.

On September 23, 2008, plaintiff brought a state action against, among others, Nationwide, alleging violations of the FDCPA and the CFDCPA.  The action was removed to this court on the basis of federal question jurisdiction.  On November 13, 2008, Nationwide filed a motion to dismiss, which, as previously noted, plaintiff did not oppose. Instead, plaintiff filed a first amended complaint ("FAC") on December 13, 2008. Nationwide is named again as a defendant in the FAC, which is substantially similar to the original complaint, except for one notable exception.  In the FAC, plaintiff alleges, on information and belief, that JC Penny agreed to transmit to Nationwide all records concerning the collection of his account, including Berg's letter of representation.  FAC ¶ 23.  A reply brief was not filed.

**DISCUSSION**

2

A.  Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Hence, the issue here is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997). In considering such a motion, all material factual allegations should be accepted as true and construed "in the light most favorable to the nonmoving party." Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)).  All allegations of material fact are taken as true. Erickson, 127 S.Ct. at 2200.  However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at 1964-65 (citations and quotations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.  A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 1966-67.

B.  Legal Analysis

In his complaint, plaintiff alleges that Nationwide violated the FDCPA, 15 U.S.C. § 1692c(a)(2) and the CFDCPA, Cal. Civ.Code § 1788.14(c) and 1788.17 by communicating with him after being notified that he was represented by counsel. Nationwide argues that the complaint does not state cognizable claims for relief because is does not allege that Nationwide had actual knowledge that plaintiff was represented by counsel when it contacted plaintiff regarding the collection of debt.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). California has incorporated by reference provisions of the FDCPA into the CFDCPA. Alkan v. Citimortgage, Inc., 336 F.Supp.2d 1061, 1065. California Civil Code § 1788.17 requires debt collectors in California to comply with 15 U.S.C. §§ 1692b through 1692j, and states that violators will be subject to the remedies provided by 15 U.S.C. § 1692k. Cal. Civ.Code § 1788.17.[1]

Both the FDCPA and CFDCPA prohibit the collection of a consumer's debt by means of a communication with a debtor after a debt collector has been notified the debtor is represented by an attorney. 15 U.S.C. § 1692c(a)(2) provides: "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . ."

---

[1] The FDCPA limits the definition of debt collector to one who collects debts "owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6). The CFDCPA defines a debt collector more broadly as one who collects debts "on behalf of himself or herself or others, engage[d] in debt collection." Cal. Civ.Code § 1788.2(c). Thus, unlike the FDCPA, which creates a private right of action only against debt collectors, and not original creditors (with limited exceptions), the CFDCPA creates a private right of action against both debt collectors and original creditors such as JC Penny. For purposes of this motion, Nationwide does not dispute that it is a debt collector as defined by the FDCPA and the CFDCPA.

California Civil Code § 1788.14(c) provides:

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> . . .
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney . . .

Here, the complaint alleges that plaintiff's counsel, Berg, notified JC Penny in writing that he represented plaintiff and that all further communications in connection with plaintiff's debt should be directed to his office. In addition, the complaint alleges that JC Penny subsequently transferred collection of plaintiff's debt to Nationwide, and that Nationwide thereafter contacted plaintiff directly with a collection letter. Plaintiff then filed this lawsuit and Nationwide moved to dismiss. In response to Nationwide's motion to dismiss, plaintiff amended his complaint,[2] alleging, on information and belief, that JC Penny provided Nationwide with all records concerning plaintiff's credit card account, including Berg's representation letter. However, neither the complaint nor the FAC specifically alleges that either JC Penny or Berg directly notified Nationwide that plaintiff was represented by counsel with respect to plaintiff's debt. As plaintiff did not plead that Nationwide had actual knowledge of Berg's representation prior to contacting him regarding the collection of debt, he has not stated a valid claim against Nationwide unless there is some other theory that recognizes such a claim based on these thin facts. Schmitt v. FMA Alliance, 398 F.3d 995, 997(8th Cir. 2005) (holding that a plaintiff must plead actual knowledge under the FDCPA in order to state a claim upon which relief may be granted). Although plaintiff did not allege or argue that JC Penny's actual knowledge of Berg's representation of plaintiff is

---

[2] Because Nationwide has not filed an answer or other responsive pleading to the complaint, Miles v. Department of Army, 881 F.2d 777, 781 (9th Cir. 1989) (a motion to dismiss under Rule 12(b)(6) is not a responsive pleading), and plaintiff has not yet amended, plaintiff was entitled to file an amended complaint as a matter of course. See Fed.R.Civ.P. 15(a).

5

imputed to Nationwide, Nationwide argued against this theory citing appropriate authority in support of its position.  Based on that authority, the court finds that JC Penny's actual knowledge of Berg's representation of plaintiff cannot be imputed to Nationwide.  See <u>Gorman v. Wolpoff & Abramson, LLP</u>, 435 F.Supp.2d 1004, 1011 (N.D. Cal. 2006) (citing <u>Randolph v. IMBS, Inc.</u>, 368 F.3d 726, 729-30 (7th Cir. 2004) (holding that collection agency's letter to debtor who was represented by counsel did not violate FDCPA, since collection agency did not know debtor was represented by counsel, even if creditor's files contained information that she was, because a creditor's knowledge is not imputed to collection agency); <u>Schmitt</u>, 398 F.3d at 997-98, (holding that a creditor's knowledge that the consumer is represented by counsel is not imputed to the debt collector under the FDCPA; noting that imputing a creditor's actual knowledge of a debtor's representation to the debt collector "contradicts established agency law, which dictates that while the knowledge of the agent is imputed to the principal, the converse is not true")).

        Because plaintiff did not oppose the motion to dismiss, the court has no way of knowing whether there are additional facts that could be pleaded to state viable claims under the FDCPA and CFDCPA against Nationwide.  The motion to dismiss challenged the allegations of the original complaint and clearly identified this defect in the original complaint.  Because the FAC was filed after the motion to dismiss, plaintiff clearly had the opportunity to cure the defect, but did not, and the court assumes that he could not.  Under these circumstances, the court finds that leave to amend would be futile.

## CONCLUSION

        For the reasons stated above, Nationwide's motion to dismiss is GRANTED and dismissal of Nationwide is with prejudice.

**IT IS SO ORDERED.**

Dated: January 9, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

6